UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **RODNEY WILLIAM ROBINSON,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0282 AS |
| | ) | |
| **WILLIAM MARTIN,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 28, 2006, this pro se petitioner, Rodney William Robinson, incarcerated in the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on August 30, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). This court has examined the petitioner's traverse and attachments filed on September 14, 2006. The Attorney General has placed before this Court a series of documents designated A through J2, both inclusive, which explicate in great detail the proceedings involved.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding designated as MCF 05-12-0191 which occurred in or around December, 2005. According to the papers before this court, the petitioner refused to submit to a mandatory DNA test, as required under Indiana Code 10-13-6. The sanctions recommended by the CAB were a written reprimand and an

earned credit time deprivation of 180 days. The latter implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

To make a long story briefer, the petitioner's due process rights under the Fourteenth Amendment of the Constitution of the United States were not violated . The Indiana statute in question is an altogether appropriate subject and is certainly not in violation of the Fourteenth Amendment. Generally, issues not brought up in the administrative review procedures of the State of Indiana are not available as a basis for relief under 28 U.S.C. §2254. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Even without arguing about the processes of administrative review, the claims of this petitioner are simply without merit.

To be blunt but not disrespectful, this petitioner did not have a choice in the matter with regard to the DNA testing, and, frankly, there is no benefit to him from *Piggie v. Cotton,* 344 F.3d 674 (7th Cir. 2003). The petition is, therefore, most respectfully **DENIED**. **IT IS SO ORDERED**

   DATED:   November 3, 2006

                              /S/ ALLEN SHARP
                              **THE HONORABLE ALLEN SHARP**
                              **JUDGE, UNITED STATES DISTRICT COURT**